# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMIAN Y. JAMES, | ) |
| Petitioner/Defendant, | ) |
| | ) CIVIL NO. 11-cv-188-JPG |
| vs. | ) |
| | ) CRIMINAL NO. 07-cr-40006 |
| UNITED STATES of AMERICA, | ) |
| Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On September 26, 2007, Petitioner was found guilty of conspiracy to distribute cocaine, felon in possession of a firearm, and distribution of a controlled substance, in violation of 21 U.S.C. § 846, 18 U.S.C. § 922(a)(1), and 21 U.S.C. § 841. Petitioner was sentenced in this Court to 295 months imprisonment, 10 years supervised release, and was ordered to pay a fine of $800, and a special assessment of $400. Petitioner appealed his conviction to the Seventh Circuit, which on June 2, 2009 affirmed the conviction. Petitioner's application for a writ of certiorari to the Supreme Court of the United States was denied in December 2009.

Plaintiff filed a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Kentucky on September 27, 2010, which was dismissed on December 1, 2010 for failure to comply with a court order. Plaintiff filed another § 2241 action with the court in Kentucky on December 10, 2010, which was dismissed on February 4, 2011, for failing to show that 28 U.S.C. § 2255 was an inadequate or ineffective remedy to test his conviction. Plaintiff filed yet another § 2241 action in that court on December 27, 2010, which was dismissed on January 24, 2011 for want of prosecution.

Plaintiff filed the instant 28 U.S.C. § 2255 action with this Court on March 11, 2011.

In his current § 2255 motion, Petitioner raises claims for ineffective assistance of counsel. Specifically, counsel was ineffective for failure to raise a criminal procedure rule 29 motion for acquittal after the State introduced evidence insufficient to convict Petitioner, and for failing to object to the Court's failure to instruct the jury as to the definition of "crack cocaine." Petitioner claims that counsel also failed to object at sentencing to the above stated fallacies, so that Petitioner was sentenced for a crime that was never adequately presented to the jury.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED:   June 14, 2011**

                                        *s/J. Phil Gilbert*
                                        **United States District Judge**