UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMIAN Y. JAMES,

      Petitioner,

    v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 11-cv-188-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Damian Y. James' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  The Government responded to the motion (Doc. 8).

**I.      Background**

James was convicted by a jury on September 26, 2007, of one count of conspiring to distribute a mixture and substance containing crack cocaine, one count of possessing a firearm as a felon and two counts of distributing a mixture and substance containing crack cocaine.  On March 14, 2008, the Court sentenced James to serve 295 months on the conspiracy count, 120 months on the firearm possession count and 240 months on each distribution count, all to run concurrently.

James appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which affirmed his conviction on June 2, 2009.  *See United States v. Harris*, 567 F.3d 846 (7th Cir. 2009).  He filed a petition for a writ of *certiorari* to the United States Supreme Court, which denied the petition on December 14, 2009.  *See James v. United States*, 130 S. Ct. 1032 (2009).

Between September 27, 2010, and December 27, 2010, James filed three petitions for a writ of *habeas corpus* under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky, where he was incarcerated. In each, he argued that a motion under 28 U.S.C. § 2255, which must be filed in the district of a defendant's conviction, was an inadequate remedy for his complaints because the issues he raised had already been decided against him in this district and in the Seventh Circuit. The court did not construe any of the § 2241 petitions as motions pursuant to § 2255, and denied or dismissed the § 2241 petitions for various reasons. *See James v. Bureau of Prisons*, No. 6:10-cv-00267-KSF (E.D. Ky. Dec. 1, 2010); *James v. Bureau of Prisons*, No. 6:10-cv-00337-KSF (E.D. Ky. Feb. 4, 2011); *James v. Bureau of Prisons*, No. 6:10-cv-00352-GFVT (E.D. Ky. Jan. 24, 2011).

James signed and mailed this *bona fide* § 2255 motion on March 3, 2011. In the motion, he argues that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to effective assistance of counsel because he failed (1) to file a motion for judgment of acquittal after the Government closed its case on the basis that it did not prove the amount of crack cocaine involved in the conspiracy, (2) to object at sentencing that the controlled substance involved in the offense was crack cocaine, and (3) to object to the Court's failure to instruct the jury on the definition of crack cocaine.

The Government argues that James' motion is untimely because it was filed beyond the one-year statute of limitations set forth in § 2255(f). Alternatively, the Government argues that counsel provided constitutionally adequate assistance.

## II.     § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However,

"[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

### III. Analysis

The Court first addresses the statute of limitations issue. Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b) & 2255), which added a one-year limitations period for a motion attacking a sentence. Most of the time, and in this case this general rule holds true, the one-year limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *see Clay v. United States*, 537 U.S. 522, 524 (2003). Where the Supreme Court denies a petition for a writ of *certiorari*, the judgment of conviction becomes final for § 2255 purposes on the date the Supreme Court denies the petition. *See Clay*, 537 U.S. at 527.

It is clear that James' conviction became final on December 14, 2009, when the Supreme Court denied his petition, and that James filed his § 2255 motion on March 3, 2011 (applying the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988)), more than one year later. Thus, it is late.

James asks the Court to toll the running of the limitations period such that his § 2255

motion is deemed timely. He claims that he mistakenly filed a petition under § 2241, not knowing that § 2255(e) prohibits a court from entertaining a *habeas* petition unless the applicant has first applied for relief under § 2255 from the sentencing court or shows that § 2255 is inadequate or ineffective to test the legality of his detention. When James learned of his error, he claims he "immediately" filed the instant § 2255 motion.

It is possible to equitably toll the § 2255 limitations period, which is not a jurisdictional requirement. *See Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004). However, the scope of equitable tolling is narrow. "Equitable tolling is a remedy reserved for [e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing." *Id.* at 484 (internal quotations omitted; brackets and ellipses in original).

James has not described any extraordinary circumstances beyond his control that would justify equitably tolling the § 2255 limitations period. It was clear from his September 27, 2010, *habeas* petition that he understood at the time that § 2255 was available to him, but that he preferred not to take that route because he believed the district and appellate courts that would consider his § 2255 motion would not agree with his position. For this reason, at his own peril, he chose to seek relief under § 2241 instead of § 2255.[1] The circumstances surrounding James' failure to file a timely § 2255 motion are not extraordinary, and they were certainly not out of James' control. For these reasons, the doctrine of equitable tolling does not apply to render James' § 2255 motion timely.

_____

[1]There was certainly nothing wrong with the decision of the District Court for the Eastern District of Kentucky not to construe James' § 2241 petitions as § 2255 motions. *See Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006) (there is no rule "requiring district courts to construe equivalent post-conviction filings as § 2255 motions in order to help prisoners comply with AEDPA's one-year limitations period").

In sum, the Court finds James' § 2255 motion untimely.  Because the entire case can be resolved on the limitation grounds, the Court need only address James' other arguments to the extent necessary to justify whether a certificate of appealability should issue.

## IV.      Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.  To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, No. 10-895, 2012 WL 43513, * 5 (Jan. 10, 2012).  Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."  *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

For the reasons stated above, the Court finds that James has not made a showing that reasonable jurists would find the statute of limitations issues debatable.

He has also not shown that any debatable ineffective assistance of counsel claims "lurk in

the background." A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

James' arguments that he did not receive adequate assistance of counsel are undebatably meritless. There was clearly sufficient evidence to convict James of conspiracy to distribute crack cocaine, as the Court of Appeals held on direct appeal, *see Harris*, 567 F.3d at 851, so the failure to file a motion for judgment of acquittal was not deficient performance and did not prejudice James. With respect to the type of drugs involved in the conspiracy, the Government presented sufficient testimony from witnesses familiar with crack cocaine that the controlled substance involved in the conspiracy was crack cocaine, so any objection to the Court's failure to give a jury instruction about the definition of crack cocaine would have been meritless. With respect to the amount of drugs involved in the conspiracy, there was sufficient evidence to support the jury's special verdict, which found beyond a reasonable doubt that the conspiracy involved more than 50 grams of crack cocaine, and the Court's finding by preponderance of the evidence at sentencing that James' relevant conduct was between 150 and 500 grams of crack cocaine. James has not specified what his counsel could have done or said differently that would have had a reasonable chance of changing the result of any proceedings. Because James has not alleged deficient performance or prejudice, the Court finds that he has not raised a substantial constitutional issue and will, accordingly, decline to issue a certificate of appealability.

## V.    Conclusion

For the foregoing reasons, the Court:

•    **DENIES** James' § 2255 motion (Doc. 1);

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 20, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
